IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>KIRT SAINILA FILOIALII,<br><br>           Defendant. | Case No. 3:21-cr-00052-JMK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court at Docket 108 is a Defendant's Motion to Dismiss Count 3 of the Superseding Indictment (the "Motion"). The Motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 116, Magistrate Judge Scoble issued his Final Report and Recommendation, in which he recommended that the Motion be denied. Defendant filed objections at Docket 121. The Government did not respond.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified

---

[1] 28 U.S.C. § 636(b)(1)(C).

proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

Defendant objects that (1) Magistrate Judge Scoble did not perform the required historical analogue analysis as required by *New York Rifle & Pistol Association, Inc., v. Bruen,* 142 S. Ct. 2111 (2022); and (2) Magistrate Judge Scoble erred in his recommendation to deny the Motion.[4]

The Court has considered the objections on de novo review and finds each to be without merit. First, the Court concurs that *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010) remains binding precedent upon the Court. Second, the Court has previously recognized historical analogues that support a consistent application of 18 U.S.C. § 922 with the Second Amendment.[5] Lastly, the Court shall remain consistent with other district courts within the Circuit in its constitutional interpretation of 18 U.S.C. § 922(g)(1).[6]

---

[2] *Id.*
[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[4] Docket 121.
[5] *See United States v. Ryno*, Case No. 3:22-cr-00045-JMK, 2023 WL 3736420 (May 31, 2023).
[6] *E.g. United States v. Robinson*, Case No. 2:22-cr-00212-TL, 2023 WL 5634712 at *6 (August 31, 2023); *Walker v. Bonta*, 2023 WL 2815356 (S.D. Cal. Apr. 6, 2023); *United States v. Guthery*, 2023 WL 2696824, at *6 (E.D. Cal. Mar. 29, 2023); *United States v. Kilgore*, 2023 WL 2505012 (E.D. Cal. Mar. 14, 2023); *United States v. Davis*, 2023 WL 2505039, at *4 (E.D. Cal. Mar. 14, 2023); *United States v. Barber*, 2023 WL 2140526 (D. Alaska Feb. 21, 2023); *United*

*United States v. Filoialii*  Case No. 3:21-cr-00052-JMK
Order  Page 2
Case 3:21-cr-00052-JMK-MMS   Document 125   Filed 09/08/23   Page 2 of 3

Magistrate Judge Scoble recommended that that Defendant's Motion to Dismiss at Docket 108 should be denied. Accordingly, the Court adopts the Final Report and Recommendation at Docket 116. The Motion to Dismiss at Docket 108 is **DENIED**.

IT IS SO ORDERED this 8th day of September, 2023, at Anchorage, Alaska.

                                                              /s/ Joshua M. Kindred
                                                              JOSHUA M. KINDRED
                                                              United States District Judge

---

*States v. Jackson*, 2023 WL 1965424 (D. Ariz. Feb. 13, 2023); *United States v. Moore*, 2023 WL 154588, at *2 (D. Or. Jan. 11, 2023); *United States v. Wondra*, 2022 WL 17975985 (D. Idaho Dec. 27, 2022); *United States v. Serrano*, 2023 WL 2297447 (S.D. Cal. Jan. 17, 2023); *United States v. Jackson*, 2022 WL 18956628 (D. Ariz. Dec. 9, 2022), *report and recommendation adopted*, 2023 WL 1965424 (D. Ariz. Feb. 13, 2023); *United States v. Carleson*, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *Walker v. United States*, 2022 WL 16541183 (S.D. Cal. Oct. 28, 2022); *United States v. Ridgeway*, 2022 WL 10198823 (S.D. Cal. Oct. 17, 2022); *United States v. Delpriore*, 2022 WL 17490771 (D. Alaska Oct. 4, 2022); *United States v. Siddoway*, 2022 WL 4482739, at *1 (D. Idaho Sept. 27, 2022); *United States v. Perez*, 2022 WL 17484969 (S.D. Cal. Sept. 26, 2022); *United States v. Hill*, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Nevens*, 2022 WL 17492196 (C.D. Cal. Aug. 15, 2022); *United States v. Ramos*, 2022 WL 17491967 (C.D. Cal. Aug. 5, 2022).